NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL GENE RODRIGUEZ, | No. C 07-2235 JF (PR) |
| Petitioner, | ORDER GRANTING MOTION FOR STAY; DENYING MOTION TO DISMISS; DENYING REQUEST FOR APPOINTMENT OF COUNSEL; INSTRUCTIONS TO CLERK |
| v. | |
| JEANNE WOODFORD, | |
| Respondent. | (Docket Nos. 7, 8 & 9) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 19, 2007, The Court ordered Respondent to show cause why the petition should not be granted. In lieu of an answer, Respondent filed a motion to dismiss for failure to exhaust state remedies with respect to petitioner's claim of ineffective assistance of counsel. (Docket No. 7) Petitioner filed a motion for a stay of the matter so he can return to state court to exhaust the claim. (Docket No. 8) Petitioner has filed a request for appointment of counsel. (Docket No. 9)

**BACKGROUND**

Petitioner pled guilty to petty theft and receiving stolen property in Santa Clara Superior Court. With an enhancement for his prior convictions, Petitioner was sentenced to a

1  term of twenty-five years-to-life in state prison on September 20, 2005. The state appellate
2  court affirmed the judgment on November 20, 2006. The state supreme court denied a
3  petition for review on February 7, 2007. Petitioner alleges that he filed a state habeas
4  petition in the superior court, which was denied on November 20, 2006. The instant federal
5  habeas petition was filed on April 24, 2007.

**DISCUSSION**

A.   Motion for Stay

Petitioner alleged the following claims for federal habeas relief: (1) ineffective assistance of counsel; (2) illegal search and seizure; and (3) his sentence was cruel and unusual. The Court dismissed the second claim under Stone v. Powell, 428 U.S. 465, 481-82, 494 (1976), and ordered Respondent to answer to claims one and three. Respondent argues that Petitioner failed to exhaust the first claim and therefore the action must be dismissed as a mixed petition under Rose v. Lundy, 455 U.S. 509, 510 (1982), or in the alternative, petitioner may elect to delete the unexhausted claim. (Resp't Mot. at 3.) Petitioner requests in his motion for a stay that he be permitted to return to state court to exhaust the unexhausted claim. (Pet'r Mot. at 5.)

District courts have the authority to issue stays and AEDPA does not deprive them of that authority. Rhines v. Webber, 544 U.S. 269, 277-78 (2005). The district court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court. Id. Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. Id. Moreover, where granting a stay, the district court must effectuate the timeliness concerns in AEDPA by placing "reasonable limits on a petitioner's trip to state

1 court and back." Id. at 278.  Prisoners who may run the risk of having the federal statute of
2 limitations expire while they are exhausting their state remedies may avoid this predicament
3 "by filing a 'protective' petition in federal court and asking the federal court to stay and abey
4 the federal habeas proceedings until state remedies are exhausted."  Pace v. DiGuglielmo,
5 544 U.S. 408, 416 (2005) (citing Rhines, 544 U.S. at 277-78).

Here, Petitioner's proposed claims are cognizable under § 2254 and are potentially meritorious.  Furthermore, Petitioner appears to show good cause for his failure to exhaust his additional claims in state court based upon his allegation of ineffective assistance of counsel and his appointed counsel's failure to raise these claims in his direct appeal proceedings.  Additionally, the Court notes that Respondent has yet to file an answer on the merits to the petition.  Accordingly, Petitioner's application to stay the instant petition (docket no. 8) is GRANTED.  This action is hereby STAYED until thirty days after the California Supreme Court's final decision on Petitioner's claims.  In light of the stay, Respondent's motion to dismiss (docket no. 7) is DENIED.

B.    Motion for Appointment of Counsel

Petitioner moves the Court for appointment of counsel.  (Docket No. 9)  Petitioner requests that the Court appoint counsel so that his interests may be protected by professional assistance.  (See Pet's Mot. at 1.)  However, the Sixth Amendment's right to counsel does not apply in habeas actions.  Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.), cert. denied, 479 U.S. 867 (1986).  Pursuant to statute, however, a district court is authorized to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation."  See 18 U.S.C. § 3006A(a)(2)(B).  Here, Petitioner's claims were adequately presented in the petition.  Consequently, the interests of justice do not require appointment of counsel in the instant case, and the request for appointment of counsel (docket no. 9) is hereby DENIED.  Should the circumstances change materially at a later stage of the litigation, the Court will reconsider this decision sua sponte.

# CONCLUSION

1. Petitioner's application to stay the petition (docket no. 8) is GRANTED, and the above-titled action is hereby STAYED until thirty days after the state supreme court's final decision on Petitioner's claim of ineffective assistance of counsel.

2. If Petitioner intends to have this Court consider the claim of ineffective \ assistance of counsel, he must properly present these claims to the Supreme Court of California **within thirty days** of the date this order is filed, and if he has not obtained relief in state court, thereafter notify the Court **within thirty days** of the California Supreme Court's decision, by filing a motion to reopen this action and for leave to amend his petition to add the newly exhausted claims. Petitioner must file an AMENDED PETITION at the same time as the motion to reopen this action. The amended petition must include the caption and civil case number used in this order, No. C 07-02235 JF (PR), and must include the words AMENDED PETITION on the first page.

3. Petitioner's motion for appointment of counsel (docket no. 9) is DENIED.

4. Respondent's motion to dismiss the petition (docket no. 7) is DENIED.

5. The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this action. This has no legal effect; it is purely a statistical procedure. When Petitioner informs the Court that he has exhausted his additional claims, the case will be administratively re-opened.

6. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 5/30/08

JEREMY FOGEL
United States District Judge

Order Granting Motion for Stay; Other Motions
P:\PRO-SE\SJ.JF\HC.07\Rodriguez2235.stay.wpd

4