NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RUSSELL GENE RODRIGUEZ, | ) | No. C 07-02235 JF (PR) |
| Petitioner, | ) ) | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY |
| v. | ) ) ) | |
| JEANNE WOODFORD, | ) ) | |
| Respondent. | ) ) | |

Petitioner, a California prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court ordered Respondent to show cause why the petition should not be granted. Respondent filed an answer and a supporting memorandum of points and authorities addressing the merits of the petition, and Petitioner filed a traverse. Having reviewed the papers and the underlying record, the Court concludes that Petitioner is not entitled to habeas corpus relief and will deny the petition.

## PROCEDURAL BACKGROUND

On May 3, 2005, Petitioner pleaded guilty in the Santa Clara Superior Court to one count of petty theft with a prior conviction and one count of receiving stolen property. Petitioner also admitted four "strike" prior convictions and two prior prison terms. On September 15, 2005, the trial court sentenced Petitioner to twenty-five years to life in prison.

Petitioner appealed the judgment. On November 20, 2006, the California Court of Appeal affirmed. On February 7, 2007, the California Supreme Court denied review. Thereafter, Petitioner filed unsuccessful state habeas petitions in the Santa Clara Superior Court, California Court of Appeal, and California Supreme Court.

Petitioner filed the instant federal action on April 24, 2007.

## FACTUAL BACKGROUND

Petitioner does not dispute the following facts, which are taken from the probation officer's pre-sentence report. (Resp. Ex. A, p. 117-119.) On the morning of August 3, 2004, Grant Morrow ("Morrow") hired several plumbers, one of whom was the Petitioner, to perform some plumbing work at this house. (Id. at 117.) After showing them around the house, Morrow left. (Id. at 118.) That night, when Morrow returned to the house, he received a phone call from First U.S. Bank regarding several suspicious transactions on his cards. (Id.) Morrow reported that he did not make the transactions nor did he give anyone permission to do so. (Id.) Morrow then looked for and discovered that his First U.S. Bank credit card was missing. (Id.)

One of the unauthorized purchases was from Journey's Shoe. (Id.) The police contacted the owner of the plumbing company who provided Petitioner's personal information. (Id.) The police also communicated with an employee of Journey's Shoe who reported that two suspects entered the store, one of whom fit the description of Petitioner. (Id.)

Order Denying Petition for Writ of Habeas Corpus and Denying Request for Certificate of Appealability
P:\PRO-SE\SJ.JF\HC.07\Rodriguez2235_hcruling.wpd

2

The following day, police showed up at Petitioner's residence and were told that Petitioner was upstairs taking a shower. (Id.) While waiting for Petitioner, police found the shoes that were purchased at Journey's Shoe with Morrow's credit card. (Id.) Then, the officers learned that Petitioner had crawled through a second story window and fled the residence. (Id.)

## LEGAL CLAIMS

Petitioner asserts the following claims for relief: (1) counsel was ineffective in giving Petitioner incorrect information regarding a guilty plea, which coerced Petitioner to plead guilty; (2) counsel was ineffective in failing to investigate the case or present oral argument at the hearing on his suppression motion; and (3) Petitioner's sentence is cruel and unusual.

## DISCUSSION

### A. Standard of Review

This Court will entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set

of materially indistinguishable facts." <u>Williams (Terry) v. Taylor</u>, 529 U.S. 362, 412-413 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." <u>Id.</u> at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." <u>Id.</u> at 411.

"[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was 'objectively unreasonable.'" <u>Id.</u> at 409. In examining whether the state court decision was objectively unreasonable, the inquiry may require analysis of the state court's method as well as its result. <u>Nunes v. Mueller</u>, 350 F.3d 1045, 1054 (9th Cir. 2003). The standard for "objectively unreasonable" is not "clear error" because "[t]hese two standards . . . are not the same. The gloss of error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness." <u>Lockyer v. Andrade</u>, 538 U.S. 63, 75 (2003).

A federal habeas court may grant the writ if it concludes that the state court's adjudication of the claim "results in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Where the highest state court to consider Petitioner's claims issued a summary opinion which does not explain the rationale of its decision, federal review under section 2254(d) is of the last state court opinion to reach the merits. See <u>Ylst v. Nunnemaker</u>,

Order Denying Petition for Writ of Habeas Corpus and Denying Request for Certificate of Appealability
P:\PRO-SE\SJ.JF\HC.07\Rodriguez2235_hcruling.wpd

4

501 U.S. 797, 801-06 (1991); Bains v. Cambra, 204 F.3d 964, 970-71, 973-78 (9th Cir. 2000).

**B.     Analysis of Legal Claims**

    1.     Ineffective Assistance of Counsel - Coerced Guilty Plea

Petitioner claims that he received ineffective assistance of counsel because counsel "coerced" him into pleading guilty by advising him that he would not receive a life sentence and by failing to explain the conditions of the plea.  (Am. Pet. at 7.)  Respondent contends that this claim is not only unexhausted but also meritless.  Even assuming that claim is unexhausted, this Court may deny it on the merits.  See 28 U.S.C. § 2254(b)(2).

A defendant seeking to challenge the validity of his guilty plea on the ground of ineffective assistance of counsel must satisfy the two-part standard of Strickland v. Washington, 466 U.S. 668, 687 (1984) by showing "that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Womack v. Del Papa, 497 F.3d 998, 1002 (9th Cir. 2007) (internal quotation omitted).

In order to establish ineffective assistance from counsel's inaccurate prediction regarding the likely sentence following a guilty plea, a petitioner must establish a "'gross mischaracterization of the likely outcome' of a plea bargain 'combined with . . . erroneous advice on the probable effects of going to trial.'" Sophanthavong v. Palmateer, 378 F.3d 859, 868 (9th Cir. 2004).  An attorney's incorrect prediction as to the likely sentence following a guilty plea does not amount to erroneous advice, or satisfy the deficiency prong of Strickland, simply because the trial court ultimately imposed a longer sentence. Womack, 497 F.3d at 1002-1003.  Where a defendant was informed prior to entering his guilty plea of the potential sentence he could receive, he cannot establish prejudice from counsel's incorrect prediction as to his sentence.  Id. at 1003-04.

Here, Petitioner does not identify the specific conditions of the plea agreement

Order Denying Petition for Writ of Habeas Corpus and Denying Request for Certificate of Appealability
P:\PRO-SE\SJ.JF\HC.07\Rodriguez2235_hcruling.wpd

5

about which counsel failed to advise him.  Further, the transcript of the plea hearing belies Petitioner's assertions that he believed he would receive a maximum sentence of thirty-two months.  (Trav. at 6.)  During the plea colloquy, the trial court recited the parties' understanding of the plea agreement, stating, "[Petitioner] would plead guilty or no contest as to Counts 1 and 3 and receive no promises from the Court, no offers from the District Attorney's office and the maximum term in this case is twenty-seven years to life in prison."  (Resp. Ex. B, p. 119.)  Petitioner affirmed that the trial court's recitation was his understanding of the agreement and there had been no further promises made to him.  (Id.)  Petitioner acknowledged in open court that he had not been threatened or coerced to plead guilty, that he had discussed the matter with counsel, that the maximum sentence he could receive was twenty-seven years to life, and that he was pleading knowingly and voluntarily.  (Id. at 120-21.)  The trial court read the rights that Petitioner was waiving by pleading guilty, and Petitioner affirmed that he understood those rights.  (Id. at 121-23.)

Nor does Petitioner allege that but for counsel's alleged errors, there was a reasonable probability that he would have gone to trial.  At the outset, Petitioner was charged with three felonies, four strike priors, and two prior prison terms.  His sentencing exposure was twenty-seven years to life to seventy-seven years to life, depending on whether the sentences would run concurrently or consecutively.  By agreeing to plead guilty, Petitioner limited his exposure to the low-end of his sentencing range.  There is no evidence in the record supporting Petitioner's assertion that counsel misadvised him or that Petitioner was prejudiced by counsel's advice.

Accordingly, the state court's determination was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent, nor was it based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(1), (2).

2.      Ineffective Assistance of Counsel - Suppression Motion

Petitioner claims that he received ineffective assistance of counsel because counsel failed to investigate or present oral argument in support of his motion to suppress. (Am. Pet. at 7-8; Trav. at 8-11.) Again, Respondent contends that this claim is not only unexhausted but also meritless. Again, this Court will deny the claim on the merits. See 28 U.S.C. § 2254(b)(2).

It is well-established that a valid plea of guilty bars habeas review of most non-jurisdictional claims alleging antecedent violations of constitutional rights. Tollett v. Henderson, 411 U.S. 258, 267 (1973). As the Supreme Court explained in Tollett, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea. . . ." Id. at 267; see Moran v. Godinez, 57 F.3d 690, 700 (9th Cir. 1994) (superseded on other grounds by AEDPA as described in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000). In other words, a guilty plea forecloses consideration of pre-plea constitutional deprivations in federal habeas corpus. Tollett, 411 U.S. at 267. Other than a claim that the court lacked jurisdiction, which Petitioner has not alleged, the only claim that can be raised in a habeas corpus petition after a guilty plea is a challenge to the constitutional validity of the plea. Hill v. Lockhart, 474 U.S. 52, 56 (1985).

This authority does not preclude Petitioner from asserting a claim that his plea was not voluntary and intelligent or that he received ineffective assistance of counsel in connection with his plea. Tollett, 411 U.S. at 266. However, claims of ineffective assistance that are based on acts or omissions of counsel that preceded and are not related to the validity of the plea may not be considered on federal habeas review. Moran, 57 F.3d at 700. Petitioner's claim with respect to counsel's investigation and presentation of his motion to suppress involves an alleged pre-plea constitutional violation. Accordingly,

Order Denying Petition for Writ of Habeas Corpus and Denying Request for Certificate of Appealability
P:\PRO-SE\SJ.JF\HC.07\Rodriguez2235_hcruling.wpd

7

1  it is not cognizable on federal habeas review.

### 3. Cruel and Unusual Punishment

Petitioner argues that his twenty-five year to life sentence amounts to cruel and unusual punishment in violation of the Eighth Amendment. A criminal sentence that is not proportionate to the crime for which the defendant was convicted violates the Eighth Amendment. Solem v. Helm, 463 U.S. 277, 303 (1983). But "outside the context of capital punishment, successful challenges to the proportionality of particular sentences will be exceedingly rare." Id. at 289-90. For the purposes of review under 28 U.S.C. § 2254(d)(1), it is clearly established that "[a] gross proportionality principle is applicable to sentences for terms of years." Lockyer v. Andrade, 538 U.S. 63, 72 (2003).

In Harmelin v. Michigan, 501 U.S. 957 (1991), Chief Justice Rehnquist and Justice Scalia joined in a two-justice plurality to conclude that Solem should be overruled and that no proportionality review is required under the Eighth Amendment except with respect to death sentences. Id. at 961-985. A three-justice concurrence concluded that Solem should not be rejected and that the Eighth Amendment contains a narrow proportionality principle that is not confined to death penalty cases, but that forbids only extreme sentences which are grossly disproportionate to the crime. Id. at 997-1001. Because no majority opinion emerged in Harmelin on the question of proportionality, the view that the Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime is considered the holding of the Court. United States v. Bland, 961 F.2d 123, 128-29 (9th Cir. 1992).

In judging the appropriateness of a sentence under a recidivist statute, a court may take into account the government's interest not only in punishing the offense of conviction, but also its interest "'in dealing in a harsher manner with those who [are] repeat[] criminal[s].'" Bland, 961 F.2d at 129 (quoting Rummel v. Estelle, 445 U.S. 263, 276 (1980)). The Eighth Amendment does not preclude a state from making a judgment that protecting the public safety requires incapacitating criminals who have already been

convicted of at least one serious or violent crime, as may occur in a sentencing scheme that imposes longer terms on recidivists. Ewing v. California, 538 U.S. 11, 29-30 (2003) (upholding twenty-five-to-life sentence for recidivist convicted of grand theft); Rummel, 445 U.S. at 284-85 (upholding life sentence with possibility of parole for recidivist convicted of fraudulent use of credit card for $80, passing forged check for $28.36 and obtaining $120.75 under false pretenses). Substantial deference is granted to state legislature's determination of the types and limits of punishments for crimes. United States v. Gomez, 472 F.3d 671, 673-74 (9th Cir. 2006).

In addressing this claim in Petitioner's case, the state appellate court properly relied upon these Supreme Court cases above and corresponding California law as explicated in In re Lynch, 8 Cal. 410 (1972). (Resp.'s Ex. D.) The court concluded properly that Petitioner's current offenses were no less serious than those offenses at issue in Rummel, Ewing, and Lockyer. (Id. at 10.) The court relied upon the fact that Petitioner's sentence was punishment not only for the instant offenses but also for committing the crimes as a recidivist offender and that recidivism justifies the imposition of longer sentences for subsequent offenses. (Id. at 10-11.) The court noted that Petitioner repeatedly had re-offended, had a criminal history spanning more than twenty-five years, and consistently performed poorly on parole. (Id. at 11.) The court's conclusion that Petitioner's sentence was not cruel and unusual thus was not contrary to or an unreasonable application of United States Supreme Court authority. (Id.)

**C.    Certificate of Appealability**

The federal rules governing habeas cases brought by state prisoners recently have been amended to require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009). In light of the foregoing discussion, the Court concludes that Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

Order Denying Petition for Writ of Habeas Corpus and Denying Request for Certificate of Appealability
P:\PRO-SE\SJ.JF\HC.07\Rodriguez2235_hcruling.wpd

9

1   constitutional right [or] that jurists of reason would find it debatable whether the district
2   court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).
3   Accordingly, the Court declines to issue a COA.

## CONCLUSION

The Court concludes that Petitioner has failed to show any violation of his federal constitutional rights in the underlying state criminal proceedings. Accordingly, the petition for writ of habeas corpus and COA are DENIED.

The Clerk shall terminate all pending motions, enter judgment and close the file.

IT IS SO ORDERED.

DATED: 3/24/10

JEREMY FOGEL
United States District Judge

Order Denying Petition for Writ of Habeas Corpus and Denying Request for Certificate of Appealability
P:\PRO-SE\SJ.JF\HC.07\Rodriguez2235_hcruling.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RUSSELL GENE RODRIGUEZ,

    Petitioner,

v.

JEANNE WOODFORD,

    Respondent.

Case Number: CV07-02235 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 4/7/10 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Russell Gene Rodriguez V-97356
Pleasant Valley State Prison
P.O. Box 8504
D-2-138 Low
Coalinga, CA 93210

Dated: 4/7/10

/s/
Richard W. Wieking, Clerk
By: Diana Munz, Deputy Clerk

Russell Gene Rodriguez V-97356
Pleasant Valley State Prison
P.O. Box 8504
D-2-138 Low
Coalinga, CA 93210


CV07-02235 JF